UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALEX FREEMAN, Petitioner | CIVIL ACTION NO. 1:18-CV-400-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CHARLES JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Alex Freeman (#41692-074) ("Freeman"). Freeman is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Freeman challenges a disciplinary conviction that resulted in the loss of good time.

I.  Background

Freeman alleges that Inmate Devonte Travier's property was searched pending his release from prison. Two sealed, postage paid letters were found in Inmate Travier's property, addressed to individuals in Fort Wayne, Indiana, and Chattanooga, Tennessee. (Doc. 1-3, p. 1). One letter was signed: "Vic," and the other was signed: "Vic da' Don." The subject of the letters was obtaining drugs and cell phones at the Federal Correctional Institution in Terre Haute, Indiana, where Freeman and Inmate Travier were incarcerated at the time. (Doc. 1-3, p. 1). Approximately one month later, Freeman was identified as "Vic" because his nicknames include: "Lil Vic," "Little Vic," and "Vic Freeman." (Doc. 1-3, p. 7).

Because both letters were signed by someone with Freeman's nickname, and both addressees had some connection to Freeman, he was charged with a disciplinary violation. (Doc. 1-3, p. 1).

## II. Instruction to Amend

### A. Freeman must show that he exhausted administrative remedies.

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules...." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. See Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP administrative remedy procedures are set forth in Title 28 C.F.R. §§ 542.10-542.18, which provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under § 542.14(d)(2), Discipline Hearing Officer (DHO) appeals shall be submitted initially to the Regional Director where the inmate is located. See 28 C.F.R. § 542.14(d)(2) (2016). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General

Counsel in Washington, D.C., within 30 calendar days of the date the Regional Director signed the response. See 28 C.F.R. § 542.15(a) (2016). Appeal to the Office of General Counsel is the final administrative appeal in the BOP process. Id.

Freeman states that he appealed to the Regional Director, and his appeal was denied. (Doc. 1, p. 2). Freeman does not state whether he sought further review in the administrative process. Freeman must amend his petition to show complete exhaustion. See Martin v. Young, 607 F. App'x 421, 422 (5th Cir. 2015) (substantial compliance is insufficient to satisfy the requirements of exhaustion) (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)). Freeman should state whether he completed each step of the administrative process, and he should provide copies of the response received at each step.

B.  Freeman must amend to show that he was denied due process.

A federal prisoner has a liberty interest in his accumulated good time credits. Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000). Thus, the "revocation of such credit must comply with minimal procedural requirements." Id. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reasons for the disciplinary action taken; (3) the opportunity to call witnesses and present documentary evidence in his defense,

3

unless these procedures would create a security risk in the particular case; and (4) some assistance in the collection and presentation of evidence if the inmate is illiterate or the case appears complex. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000); Walker v. Navarro County Jail, 4 F.3d 410, 412 (5th Cir. 1993); Wolf v. McDonnell, 418 U.S. 539, 563-66 (1974).

Additionally, there must be "some evidence" that supports the disciplinary decision. Id. A court's determination of whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).

Freeman does not allege that he was deprived of written notice of the charges, a written statement of the fact-finder, the opportunity to call witnesses and present evidence, or the deprivation of a staff representative. Freeman should amend his complaint to state whether he claims he was denied any of the constitutional guarantees of Wolff listed above.

## II. Conclusion

**IT IS ORDERED** that Freeman amend his complaint within 30 days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 31st day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge